IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QUENTIN CULLINS and MYA CULLINS, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | |
| CITY OF ATLANTA, GEORGIA; FOGO DE : | |
| CHAO CHURRASCARIA (ATLANTA) : | |
| LLC; FOGO DE CHAO, INC.; VALOR : | |
| PROTECTION SECURITY AGENCY LLC. : | |
| f/k/a Valor Protection LLC; ANDREW : | |
| STRUTT; and ALEX LUBBEHUSEN; : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiffs QUENTIN CULLINS and MYA CULLINS file this complaint against Defendants CITY OF ATLANTA, GEORGIA; FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC; FOGO SE CHAO, INC.; VALOR PROTECTION SECURITY AGENCY LLC. f/k/a Valor Protection LLC; ANDREW STRUTT; and ALEX LUBBEHUSEN.

## JURISDICTION, VENUE AND PARTIES

1.

This is a civil rights, tort, and wrongful death action based on the Fourth

Amendment to United States Constitution; the Georgia Constitution (Art. I, § I, ¶ XIII); 42 U.S.C. § 1983; Title 51 of the Official Code of Georgia, and other applicable provisions of law. Plaintiffs' claims are based on violations of the civil rights of the decedent, Nygil Cullins, under color of state law; the use of excessive and deadly force; inadequate training and supervision; condonation of illegal acts; breach of a legal duty; negligence; and negligence *per se* that caused and culminated in the wrongful death of Nygil Cullins.

2.

Plaintiffs QUENTIN CULLINS and MYA CULLINS are individual residents of Atlanta, Fulton County, Georgia. Plaintiffs are the parents of Nygil Cullins ("Cullins"), who was killed on May 18, 2022 without a surviving spouse or children.

3.

Defendant CITY OF ATLANTA, GEORGIA ("ATLANTA") is a local municipality and governmental entity in Atlanta, Fulton County, Georgia. ATLANTA funds, manages, maintains, and operates the Atlanta Police Department ("APD"). ATLANTA may be served with process through legal representatives authorized to receive service in Atlanta, Fulton County, Georgia.

4.

Defendant FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC is a

corporation for profit organized, managed, and operated under the laws of the State of Delaware. This corporation may be served with process through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

5.

Defendant FOGO SE CHAO, INC. is a corporation for profit organized, managed, and operated under the laws of the State of Delaware. This corporation may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.

On May 18, 2022, Defendants FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC and FOGO SE CHAO, INC. (individually and collectively referred to herein as "FOGO DE CHAO") jointly owned, managed, and operated the Fogo De Chao restaurant located at 3101 Piedmont Road, Atlanta, Fulton County, Georgia 30305 ("the Restaurant").

7.

Defendant VALOR PROTECTION SECURITY AGENCY LLC. ("VPSA") is a Georgia corporation for profit that was formerly known as Valor Protection LLC. On May 18, 2022, VPSA contracted and received compensation to provide security

services and security guards at the Restaurant. VPSA may be served with process through its registered agent, Asante Kian Hill, at 800 Battery Avenue, SE, Suite 100, Atlanta, Fulton County, Georgia 30339.

8.

On May 18, 2022, Tyler Huffman ("Huffman") acted within the scope of his official duties as a security officer at the Restaurant employed by VPSA. VPSA is liable for the acts and tortious conduct of Huffman described herein.

9.

On May 18, 2022, Huffman acted within the scope of his official duties as an agent, legal representative, and employee of FOGO DE CHAO. FOGO DE CHAO is liable for the acts and tortious conduct of Huffman described herein.

10.

Defendant ANDREW STRUTT ("STRUTT") is an individual resident of Fulton County, Georgia. On May 18, 2022, STRUTT was a law enforcement officer employed by ATLANTA. STRUTT may be served with process at APD.

11.

On May 18, 2022, STRUTT acted as an agent, legal representative, and employee of ATLANTA under the supervision, control, and authority of APD. ATLANTA is liable for the acts and tortious conduct of STRUTT described herein.

4

12.

On May 18, 2022, STRUTT acted under color of state law; contrary to the Constitution and laws of the United States of America and the State of Georgia; within the scope of his employment with ATLANTA; and in the course of his official duties.

13.

Defendant ALEX LUBBEHUSEN ("LUBBEHUSEN") is an individual resident of Fulton County, Georgia. On May 18, 2022, and during all times material hereto, LUBBEHUSEN was a law enforcement officer employed by ATLANTA. LUBBEHUSEN may be served with process at APD.

14.

On May 18, 2022, and during all times material hereto, LUBBEHUSEN acted as an agent, legal representative, and employee of ATLANTA under the supervision, control, and authority of APD.  ATLANTA is liable for the acts and tortious conduct of LUBBEHUSEN described herein.

15.

On May 18, 2022, LUBBEHUSEN acted under color of state law; contrary to the Constitution and laws of the United States of America and the State of Georgia; within the scope of his employment with ATLANTA; and in the course of his official

5

duties.

16.

All the acts, omissions and events referred to herein occurred or were committed in Atlanta, Fulton County, Georgia. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B).

17.

This Court has subject matter jurisdiction of this action.

18.

Plaintiffs are asserting federal claims against the defendants in this action along with related, supplemental state law claims. All parties are subject to the jurisdiction of this Court based on 28 U.S.C. §§ 1331, 1343, and 1367.

**RELEVANT FACTS & CONDUCT**

19.

On May 18, 2022, Cullins was an 18-year-old male citizen of the United States residing in Fulton County, Georgia. The events summarized in the following Paragraphs 20 through 34 all occurred on this same date.

20.

Cullins was a customer and patron at the Restaurant during its normal business

hours. Cullins sat at the bar in the Restaurant as he ordered and consumed food and beverages that were available on the menu.

21.

Cullins previously worked at the Restaurant, so he was familiar with the layout and other employees at the Restaurant. Cullins was legally carrying a handgun sealed inside a holster attached to his belt.

22.

As Cullins sat at the bar, he interacted with employees and patrons of the Restaurant. Cullins was not dangerous, violent, or unwilling to pay for his meal. Cullins did not disturb any employees or other patrons of the Restaurant.

23.

A FOGO DE CHAO employee at the Restaurant made a 911 call to APD to complain about Cullins. The APD operator refused to dispatch any police officers to the Restaurant because there was no claim or allegation that Cullins was engaged in any dangerous or illegal behavior.

24.

A FOGO DE CHAO employee at the Restaurant made another 911 call to APD to complain that Cullins was armed. The APD operator dispatched at least two (2) police officers, LUBBEHUSEN and STRUTT, to the Restaurant.

25.

A security guard, Huffman, approached LUBBEHUSEN and STRUTT when they arrived at the Restaurant.

26.

Huffman gave false information to STRUTT and LUBBEHUSEN to suggest that Cullins posed a physical threat. Even then, STRUTT and LUBBEHUSEN had no reasonable basis to believe or assume that Cullins was violent or dangerous to any other person.

27.

STRUTT and LUBBEHUSEN approached Cullins while he was sitting at the bar in the Restaurant. As the police officers approached, Cullins immediately sat on the floor and raised his hands to show that he was compliant and that he did not present any threat.

28.

Without any warning or justification, STRUTT shocked Cullins with a Taser stun gun while Cullins was sitting on the floor with his hands raised.

29.

The TASER struck Cullins, but he was not disabled. The TASER strike caused

Cullins to experience such panic and fear that he stood up and tried to leave the Restaurant without presenting any threat or danger to any other person.

30.

As Cullins was leaving the Restaurant, he was tackled and knocked to the floor by Huffman. The police officers never asked Huffman to intervene or assist in apprehending Cullins. Huffman had no reasonable basis to believe that Cullins posed a threat or danger to anyone else as he was trying to leave the Restaurant.

31.

When he tackled Cullins, Huffman grabbed at the handgun in the holster on Cullins' belt and caused the handgun to discharge. The bullet struck Huffman.

32.

When the handgun discharged, STRUTT and LUBBEHUSEN immediately aimed and fired both of their service firearms at Cullins.

33.

STRUTT and LUBBEHUSEN continued to fire their service firearms at Cullins after he was clearly helpless, immobilized, and unconscious.

34.

Cullins was killed by the bullets fired by STRUTT and LUBBEHUSEN.

## COUNT ONE:  42 U.S.C. § 1983
## CIVIL RIGHTS CLAIM BASED ON USE OF EXCESSIVE, DEADLY FORCE BY LUBBEHUSEN AND STRUTT

35.

Plaintiffs adopt and incorporate herein Paragraphs 1 through 34 to support Count One of this Complaint.

36.

STRUTT and LUBBEHUSEN violated Cullins' constitutional right to be secure against unreasonable seizures.  STRUTT's and LUBBEHUSEN's use of excessive, deadly force against Cullins was an unreasonable seizure.

37.

STRUTT and LUBBEHUSEN acted under color of state law and within the scope of their employment with APD when they attacked Cullins with a TASER and service firearms in the Restaurant.

38.

STRUTT and LUBBEHUSEN Tased and shot Cullins in violation of his Fourth Amendment right to be free from an unreasonable seizure. This violation of Cullins' civil rights under color of state law is actionable under 42 U.S.C. § 1983.

39.

The law was clearly established that STRUTT and LUBBEHUSEN could not

legally commit the acts they committed to attack and kill Cullins.

40.

The information provided to STRUTT and LUBBEHUSEN would not have warranted any reasonable person to believe that Cullins committed a criminal offense or presented a danger that authorized the use of deadly force.

41.

Cullins would not have been attacked or killed but for the unlawful acts of STRUTT and LUBBEHUSEN under color of state law.

42.

STRUTT and LUBBEHUSEN are liable to Plaintiffs for the wrongful death of Cullins in violation of his Fourth Amendment and constitutional rights under color of state law pursuant to 42 U.S.C. § 1983 and the Georgia Constitution.

### COUNT TWO:  42 U.S.C. § 1983
### CIVIL RIGHTS CLAIM AGAINST ATLANTA BASED ON INADEQUATE TRAINING, INADEQUATE SUPERVISION, AND CONDONING ILLEGAL ACTS

43.

Plaintiffs adopt and incorporate herein Paragraphs 1 through 42 to support Count Two of this Complaint.

44.

ATLANTA is liable for a violation of Cullins' civil rights under color of state

11

law proximately caused by the inadequate training, supervision, or discipline of a APD police officers acting within the scope of their employment.

45.

ATLANTA is responsible for establishing and administering the training, supervision, and discipline of APD police officers.

46.

ATLANTA was responsible for supervising, training, disciplining, hiring, and firing APD police officers, including STRUTT and LUBBEHUSEN.

47.

ATLANTA failed to implement or enforce adequate supervision, training, or discipline specifically related to use of excessive and deadly force by APD officers.

48.

STRUTT and LUBBEHUSEN were inadequately trained and supervised to believe that they had probable cause and legal grounds to use a Taser on Cullins while he was compliant and he did not pose a danger or threat to anyone.

49.

STRUTT and LUBBEHUSEN were inadequately trained and supervised to believe that they had probable cause and legal grounds to shoot Cullins when he did not pose a danger or threat after the accidental shooting caused by Huffman.

12

50.

STRUTT and LUBBEHUSEN acted in accordance with their inadequate training, supervision, and discipline as police officers and employees of APD. This inadequate training, supervision, and discipline caused and contributed to the violations of Cullins' civil rights.

51.

ATLANTA knew or should have known that STRUTT and LUBBEHUSEN used excessive and deadly force against Cullins in violation of his civil rights and under color of state law.

52.

ATLANTA failed and refused to pursue an appropriate investigation of the events at the Restaurant that culminated in Cullins' death.  As a result, ATLANTA failed to penalize, discipline, or criticize STRUTT or LUBBEHUSEN for unjustifiably Tasing, attacking, and shooting Cullins under color of state law.

53.

ATLANTA tolerated, approved, condoned, and ratified the unlawful, tortious conduct of STRUTT and LUBBEHUSEN in unjustifiably Tasing and shooting Cullins repeatedly even after he was helpless, immobilized, and unconscious.

54.

The conduct of ATLANTA proximately caused and contributed to the wrongful death of Cullins.

55.

ATLANTA is liable for the violations of Cullins' civil rights under color of state law pursuant to 42 U.S.C. § 1983.

### COUNT THREE:  BREACH OF DUTY CLAIM AGAINST FOGO DE CHAO

56.

Plaintiffs adopt and incorporate herein Paragraphs 1 through 34 to support Count Three of this Complaint.

57.

On May 18, 2022, FOGO DE CHAO invited the public to enter and transact business in the Restaurant. Plaintiff lawfully entered and remained in the Restaurant as a business invitee of FOGO DE CHAO.

58.

FOGO DE CHAO was responsible for the hiring, training, supervision, discipline, and firing of its employees and agents, including the employees who made a 911 call to APD and Huffman, the security guard.

14

59.

FOGO DE CHAO had the duty to protect Cullins from unprovoked and unjustifiable attacks by FOGO DE CHAO's agents and employees. FOGO DE CHAO also had a duty not to falsely inform the police that Cullins presented a threat or danger to other people in the Restaurant.

60.

FOGO DE CHAO employees and Huffman provided false information to the police in a manner that caused and initiated a confrontation between police officers and Cullins.

61.

FOGO DE CHAO employees and Huffman provided false information to the police in a manner that caused police officers to attack Cullins.

62.

Huffman's attack on Cullins as he was trying to leave the Restaurant was unprovoked, unjustified, and arose out of the duties Huffman was authorized to perform for the Restaurant.

63.

FOGO DE CHAO failed to establish and enforce adequate or appropriate rules, policies, practices, and procedures for its employees and Huffman.

64.

FOGO DE CHAO breached its legal and public duty to properly supervise, train, and control Huffman as a security officer employed at the Restaurant for the benefit of Cullins and other patrons of the Restaurant.

65.

Huffman breached his legal duty to act as a security guard without committing criminal offenses against Cullins, without jeopardizing Cullis' physical or mental well-being, and without causing injury or damage to Cullins.

66.

FOGO DE CHAO employees breached their legal duty to provide services for patrons in the Restaurant without committing criminal offenses against Cullins, without jeopardizing Cullis' physical or mental well-being, and without causing injury or damage to Cullins.

67.

FOGO DE CHAO is liable in tort for breaching its public duty to Cullins.

**COUNT FOUR:  NEGLIGENCE CLAIM
AGAINST FOGO DE CHAO AND VPSA**

68.

Plaintiffs adopt and incorporate herein Paragraphs 1 through 34 to support Count Four of this Complaint.

69.

FOGO DE CHAO employees negligently provided false information to APD officers to suggest that Cullins posed a threat or danger in the Restaurant.

70.

Huffman negligently provided false information to APD officers to suggest that Cullins posed a threat or danger in the Restaurant.

71.

Huffman negligently attacked and tackled Cullins, then struggled to take a handgun from a secure holster on Cullins' belt. These negligent acts proximately caused or contributed to the discharge of the handgun and the shooting of Cullins.

72.

FOGO DE CHAO and VPSA are both liable in tort for the negligent acts of FOGO DE CHAO employees and Huffman.

**COUNT FIVE:  NEGLIGENCE PER SE
AGAINST FOGO DE CHAO AND VPSA**

73.

Plaintiffs adopt and incorporate herein Paragraphs 1 through 34 to support Count Five of this Complaint.

74.

Huffman committed a simple assault and a simple battery on Cullins that

17

proximately caused or contributed to his wrongful death. Huffman was negligent *per se,* so FOGO DE CHAO and VPSA are both liable in tort based on Huffman's conduct and behavior in committing these criminal acts.

## **INJURIES & DAMAGES**

75.

Defendants' conduct caused the wrongful death of Cullins.

76.

Defendants are all jointly and severally liable to Plaintiffs for actual and compensatory damages as just compensation for the wrongful death of Cullins.

77.

The acts and intentions of Defendants constitute aggravating circumstances for which Plaintiff should recover punitive, exemplary damages from these defendants, except ATLANTA is not liable for these damages.

78.

Defendants are liable for Plaintiffs' attorney fees and litigation expenses associated with pursuing their civil rights claims. Defendants also acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense. Plaintiffs are entitled to recover attorney's fees, costs, and litigation expenses from Defendants in this action pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs QUENTIN CULLINS and MYA CULLINS respectfully pray for **TRIAL BY JURY** and an award of the following relief from Defendants CITY OF ATLANTA, GEORGIA; FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC; FOGO SE CHAO, INC.; VALOR PROTECTION SECURITY AGENCY LLC. f/k/a Valor Protection LLC; ANDREW STRUTT; and ALEX LUBBEHUSEN.

(a) Actual and compensatory damages;

(b) Litigation expenses, costs and reasonable attorney's fees that Plaintiffs incur related to this action and Plaintiffs' claims;

(c) Exemplary and punitive damages; and

(d) Such other and further relief as the Court deems just and proper.


/s/ *James W. Howard*

James W. Howard
Georgia Bar No. 370925
jhoward@howardfirm.com


/s/ *Sharon Effatt Howard*

Sharon Effatt Howard
Georgia Bar No. 371275
showard@howardfirm.com

/s/ *Leif A. Howard*
Leif A. Howard
Georgia Bar No. 132778
Lhoward@howardfirm.com

ATTORNEYS FOR PLAINTIFF

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080